**E. R. FITZSIMMONS, Appellant,**

v.

**Bruce W. GILPIN, Appellee.**

**No. 21019.**

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1966.

Anthony W. Hawthorne, of Fitzsimmons & Petris, Oakland, Cal., for appellant.

Gagliardi & Gagliardi, Tacoma, Wash., for appellee.

Before HAMLEY, HAMLIN, and BROWNING, Circuit Judges.

PER CURIAM.

The district court dismissed appellant's action for want of prosecution. We affirm.

On October 27, 1964, appellant filed suit on appellee's promissory note in the District Court for the Western District of Washington, Northern Division. Appellee was served November 16, 1964. The clerk advised appellant (a non-resident of the district) of the district court's Rule 5 which required that a local attor-

ney be joined as counsel of record within ten days.

On December 30, 1964, appellee filed a motion to transfer the action to the Southern Division of the district, to strike the complaint on the ground that local Rule 5 had not been complied with, and to dismiss the action on the ground that another action was pending on the same promissory note in a superior court of the State of California. Appellee noticed the motion for hearing, but appellant did not appear. On January 18, 1965, the district court granted appellee's motion to transfer without prejudice to appellee's alternate motions to strike and to dismiss.

On March 1, 1965, the clerk again called appellant's attention to local Rule 5, suggesting compliance "as soon as possible."

On February 10, 1966, the clerk advised appellant that the cause would be placed on the court's calendar on March 7, 1966, for dismissal under local Rule 10, which provides, "All cases that have been pending in this Court for more than one year without any proceeding of record having been taken may be dismissed by the Court on its own motion for want of prosecution."

On March 4, 1966, appellant filed notice of association of local counsel of record in compliance with Rule 5. On the same day appellant also filed an opposition to appellee's motion to strike and to dismiss, reciting appellant's compliance with Rule 5, and advising the court that the action against appellee in the California superior court had been dismissed January 28, 1965. Appellant noticed appellee's motion to strike and to dismiss for call on March 21, 1966.

Finally, on March 4, appellant filed an opposition to the court's motion to dismiss for want of prosecution. Appellant's opposition read in its entirety as follows:

Plaintiff opposes the Motion to Dismiss under Rule 10 of the Rules of this Court for Want of Prosecution, for the reason that the Court has discretionary power to deny said Motion for Want of Prosecution, and that good cause for denying such Motion exists by reason of Plaintiff's opposition to the Motions to Dismiss and to Strike referred to hereinabove, which opposition and the hearing on said Motions constitute "proceeding[s] of record."

On March 7, 1966, the court entered a minute order dismissing the action for want of prosecution.

■ The power of the court to dismiss an action for failure to prosecute with reasonable diligence is settled. The exercise of the power is discretionary and will be reversed only for abuse. Link v. Wabash R. R., 370 U.S. 626, 629–634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Hicks v. Bekins Moving & Storage Co., 115 F.2d 406, 408–409 (9th Cir. 1940); Shotkin v. Westinghouse Elec. & Mfg. Co., 169 F.2d 825, 826 (10th Cir. 1948); Sandee Mfg. Co. v. Rohm & Haas Co., 298 F.2d 41, 42 (7th Cir. 1962); Meeker v. Rizley, 324 F.2d 269, 271 (10th Cir. 1963).

■ Appellant's response to the court's motion to dismiss made no showing of cause why the action should not be dismissed; it failed wholly to explain the absence of any effort by appellant to move the action forward during a fifteen-month period. Compare Russell v. Cunningham, 233 F.2d 806, 809–811 (9th Cir. 1956); Shotkin v. Westinghouse Elec. & Mfg. Co., supra, 169 F.2d at 826. On this record appellant left the court no alternative but to grant the motion or countenance a flat and unexplained disregard of the court's rules.

Affirmed.