397 F.2d 928
 GLO CO., an Illinois Corporation, Appellant,
v.
MURCHISON AND COMPANY, a Delaware Corporation, Barnsdall Oil Company, a Delaware Corporation and Sunray DX Oil Company, a Delaware Corporation.
 No. 16236.
 United States Court of Appeals Third Circuit.
 Argued April 18, 1967.
 Decided December 20, 1967.
 On Rehearing March 20, 1968.
 Certiorari Denied November 12, 1968.
 
 See 89 S.Ct. 290.
 Thomas Hart Fisher, Chicago, Ill., for appellant.
 William S. Megonigal, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for appellee, Murchison and Co.
 E. Norman Veasey, Richards, Layton & Finger, Wilmington, Del. (Robert H. Richards, Jr., Wilmington, Del., on the brief), for appellee, Sunray DX Oil Co.
 Before SMITH and FREEDMAN, Circuit Judges, and WORTENDYKE, District Judge.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from orders of the United States District Court for the District of Delaware dismissing an action to enforce plaintiff's rights under contracts made with defendants. The order of dismissal for failure to prosecute was based upon the court's own motion under Civil Rule 12 of the United States District Court for the District of Delaware.[1]
 
 
 2
 The present action was commenced on November 1, 1954. On September 18, 1963, the District Court issued an order to show cause why the case should not be dismissed for lack of prosecution. At oral argument, on its return, the Court warned plaintiff's counsel that no further delay would be tolerated. The Court then dismissed the rule to show cause. Upon return of a subsequent order to show cause, issued on June 3, 1966, plaintiff's counsel assured the Court that the matter would be moved for trial. Nevertheless, the Court dismissed plaintiff's case with prejudice and refused to reopen on motion for reargument. Plaintiff says that the dismissal was an abuse of judicial discretion.
 
 
 3
 The Court has a wide discretion as to penalties for failure of diligent prosecution. Lyford v. Carter, 274 F.2d 815 (2nd Cir. 1960). A dismissal of this case certainly appears justified by the inaction of counsel in failing to move for trial after repeated warnings by the court. However, a dismissal with prejudice is an extremely harsh penalty for such delay.
 
 
 4
 As the Court recognized, there appears to be no dispute that an amount of money is owed to plaintiff under the contracts in suit. A dismissal with prejudice has the effect of stripping plaintiff of the power to enforce these contract rights. Even the Court below intimated that this was not the result it wanted to bring about, stating: "My point is merely that with respect to that [the amount of money owed] I certainly don't want to dismiss a suit where somebody says `I owe somebody some money'; but on the other hand I am considering very seriously dismissing this suit, and I don't want to do anything that is detrimental to a party who has a perfectly legitimate right, which the other side does not deny. * * * The only thing I would like to do in the event I do dismiss this is to keep that matter open, so that if it does require litigation or the parties can't settle as to the amount that is due * * * then it can be determined by the Court in the usual and proper manner." We agree that this should be the result. To that end the cause should be reinstated and brought to trial with all convenient speed.
 
 
 5
 The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.
 
 
 6
 WILLIAM F. SMITH, Circuit Judge, did not participate in the decision of this case because of illness.
 
 Reargued February 20, 1968
 
 
 Notes:
 
 
 [1]
 Rule 12 provides:
 Subject to the provisions of Rule 23(c), F.R.Civ.P., in each cause pending, wherein no action has been taken for a period of one year, the Court may, on its own motion * * * enter an order dismissing such cause unless good reason for the inaction is given. An application for a continuance shall not be deemed to be action precluding such dismissal. After any such application for dismissal has been filed, no application for a continuance or any proceeding taken under the discovery rules, F.R.Civ.P., shall be deemed to toll the application of this Rule.
 
 
 
 7
 Before KALODNER, FREEDMAN and VAN DUSEN, Circuit Judges.
 
 OPINION ON REHEARING
 PER CURIAM:
 
 8
 This is an old suit which the district court, acting on its own motion, dismissed with prejudice under its Local Rule 12 which authorizes such disposition where no action has been taken for a period of one year.[1]
 
 
 9
 We have the utmost sympathy with the desire of the district court to enforce its Local Rule 12. However, after consideration of the complex factual circumstances of the case, we conclude with the greatest reluctance that in view of the unusual nature of the circumstances of this case the interest of justice will best be served by affording plaintiff an opportunity to prove its case at trial.
 
 
 10
 We therefore set aside the dismissal of the action by the district court, which should fix a specific time for the trial of the case at which plaintiff will have the opportunity to go forward on pain of dismissal with prejudice for lack of prosecution.
 
 
 
 Notes:
 
 
 [1]
 Local Rule 12 provides:
 "Subject to the provisions of Rule 23 (c), FRCIV.P, in each cause pending, wherein no action has been taken for a period of one year, the Court may, on its own motion or upon application of any party and after reasonable notice, enter an order dismissing such cause unless good reason for the inaction is given. An application for a continuance shall not be deemed to be action precluding such dismissal. After any such application for dismissal has been filed, no application for a continuance or any proceeding taken under the discovery rules, FRCIV.P, shall be deemed to toll the application of this Rule."
 
 
 
 11
 VAN DUSEN, Circuit Judge (dissenting).
 
 
 12
 In view of the record in this case, I dissent respectfully from the majority opinion. This suit was started on November 1, 1954. In spite of the district court rule quoted in the majority opinion providing for dismissal in cases "wherein no action has been taken for a period of one year", at least five periods of no action by plaintiff for over a year[1] as well as numerous warnings of dismissal to counsel for plaintiff occurred before the case was finally dismissed in August, 1966 and the Motion for Reargument and To Alter and Amend the Judgment of Dismissal was denied. These warnings were as follows:
 
 
 13
 1. On September 2, 1959, the Clerk wrote plaintiff that the case would be dismissed for lack of prosecution unless some action were taken by October 6 (92a) and on September 29, plaintiff filed a motion for partial summary judgment, which was withdrawn five years later.
 
 
 14
 2. On September 18, 1963, the court on its own motion ordered that the action would be dismissed "unless good reason for the inaction is shown at a hearing fixed for * * *" September 27, 1963.
 
 
 15
 3. On September 24, 1964, the Chief Judge held a conference at which he gave plaintiff's counsel this warning (11b):
 
 
 16
 "* * * I will tell you this: that if this case is not dismissed, Mr. Wilson, you had better watch yourself and comply with these rules and go ahead with this. Because I am not going to tolerate any further delay in this matter. If you are not ready for trial, if you don't want to try this case, say you don't want to try it and dismiss it. But something has got to be done about it. We are not going to let these cases hang along, here, for no good reason except the lack of diligence on the part of counsel."
 
 
 17
 4. In April, 1966, plaintiff answered a letter from the law clerk of the Chief Judge asking the status of the case by saying that he was preparing some interrogatories (18b-19b and 95a) but he filed nothing until after the Chief Judge entered the following order on June 3, 1966 (77a):
 
 
 18
 "AND NOW, to-wit, this third day of June, 1966, it appearing that no action has been taken in the above case for a period of one year from this date, it is
 
 
 19
 "ORDERED by the Court on its own motion that the action will be dismissed pursuant to Rule 12 of this Court unless good reason for the inaction is shown at a hearing hereby fixed for 10:00 a.m., June 27, 1966."
 
 
 20
 After the hearing on June 27, the Chief Judge found there was no good reason for the above-described inaction in a Memorandum Opinion filed August, 1966 (92a-96a) where this language appears at 95a-96a:
 
 
 21
 "At the hearing on the present show cause order, plaintiff again assured the Court that the action would be moved for trial. However, after the repeated warnings by the Court and the past assurances by plaintiff that this action would be tried shortly, the Court no longer feels justified in allowing this action to remain on its docket to serve as a sword over defendants' heads. The Court will not subject defendants to any more show cause hearings."
 
 
 22
 The Supreme Court of the United States has held that a district court judge has the discretion to dismiss an action under such circumstances irrespective of the existence of a Rule such as Local Rule 12. See Link v. Wabash Railroad Co., 370 U.S. 626, 633-643, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)[2] where the court said:
 
 
 23
 "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion * * *
 
 
 24
 "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have `notice of all facts, notice of which can be charged upon the attorney.' Smith v. Ayer, 101 U.S. 320, 326, 25 L.Ed. 955."
 
 
 25
 This court has recently followed the holding in the Link case, supra, in at least two cases:
 
 
 26
 In Torino v. Texaco, Inc., 378 F.2d 268, 270 (3d Cir. 1967), this court said:
 
 
 27
 "In Link, the Supreme Court stated that the `inherent power' of a court to sua sponte dismiss a case for want of prosecution had not been disturbed by Federal Civil Procedure Rule 41(b), and held that the dismissal did not constitute an abuse of discretion especially when all the circumstances of the case were considered. Here, as in Link, there were numerous instances of delays; and the district court stated that it relied upon all of them in dismissing. Considering the totality of circumstances as they existed before the district court, we cannot conclude that the district court abused its discretion."
 
 
 28
 In Kenney v. California Tanker Company, 381 F.2d 775, 778 (3d Cir. 1967), cert. denied, 390 U.S. 904, 88 S.Ct. 817, 19 L.Ed.2d 870 (Jan. 22, 1968), this language was used:
 
 
 29
 "Here the libellant was warned over two years before the final order of dismissal that the case would be dismissed if he did not make efforts to prosecute the case, but the record clearly indicates that libellant made only token efforts toward this end. A myriad of cases could be cited for the proposition that we will not reverse the district court's dismissal absent a clear abuse of discretion, * * *"
 
 
 30
 Such holdings are consistent with those by other courts of appeals. See, for example, Hicks v. Bekins Moving & Storage Co., 115 F.2d 406, 409 (9th Cir. 1940); Shotkin v. Westinghouse Electric & Mfg. Co., 169 F.2d 825, 826 (10th Cir. 1948); Fitzsimmons v. Gilpin, 368 F.2d 561, 562 (9th Cir. 1966); and cases cited in those cases.
 
 
 31
 The death and incapacity of two principal witnesses for defendants during this period of over 11 years between November, 1954 and June, 1966 (T. F. Murchison died in November, 1955, see 16b-17b & 35b and P. H. Swearingen, Esq., has been incapacitated at least since June, 1966, see 89a, 35b & 36b) certainly could be found to be prejudicial to defendants even though such prejudice is not required to justify a dismissal for lack of due diligence by plaintiff. See Messenger v. United States, 231 F.2d 328, 331 (2nd Cir. 1956).
 
 
 32
 A careful review of this record discloses no abuse of discretion in the order of the district court dismissing this action.[3] As stated in the Fitzsimmons case, supra, 368 F.2d at 562:
 
 
 33
 "On this record appellant left the court no alternative but to grant the motion or countenance a flat and unexplained disregard of the court's rules."
 
 
 34
 On this record, I would affirm the action of the district court.
 
 
 
 Notes:
 
 
 [1]
 January 1, 1957 to September 29, 1959, December 1959 to September 1961, September 19, 1961 to October 10, 1961 & October 12, 1961 to September 19, 1963, September 21, 1963 to September 20, 1964, and January 1965 to June 3, 1966. See Docket Entries at Ia-IVa
 
 
 [2]
 In theLink case, supra, the court used this language at pp. 629-631, 82 S.Ct. at p. 1388.
 "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. * * *
 "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an `inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."
 
 
 [3]
 For example, no motion to set the case for trial was ever filed between 1954 and June, 1966 as required by the district court's Local Rule 13(B). The last of several promises by plaintiff that it could be ready for trial was at the calendar call of September 21, 1965 when counsel assured the court "this case can be tried this spring" (see page 13 of appellant's brief) but, as noted above, no motion had been filed by June 3