**STATES STEAMSHIP COMPANY, a corporation, Appellant,**

v.

**PHILIPPINE AIR LINES, a corporation, and Qantas Airways, a corporation, Appellees.**

**No. 23213.**

United States Court of Appeals, Ninth Circuit.

May 8, 1970.

D. Thomas McCune, of Lillick, Mc-Hose, Wheat, Adams & Charles, San Francisco, Cal., for appellant.

Quentin H. Smith, San Jose, Cal., John Edward Hurley, of McCutchen, Doyle, Brown & Emersen, San Francisco, Cal., for appellees.

Before MADDEN,* Judge of the United States Court of Claims, and DUNIWAY and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge.

Presented for review is the single issue of whether the district judge abused his discretion in dismissing the complaint for lack of prosecution.

The complaint was filed on November 14, 1966, and was served on appellees November 30th. Philippine filed its answer on March 1, 1967, and Qantas answered on March 6th. Philippine served requests for admissions on March 17th, the responses to which were filed on April 20th. Qantas, on April 19th, served separate requests for admissions, to which responses were filed on May 26th. Qantas, on April 19th, served a group of interrogatories on appellant. On March 28, 1968, the court, *sua sponte*, entered an order to show cause why the action sould not be dismissed for lack of prosecution, or otherwise disposed of

* Senior Judge, The United States Court of Claims, sitting by designation.

in conformity with Rule 11[1] of the court's local rules of practice. Seemingly, the order to show cause did not overly excite the appellant. It remained inactive until May 24, 1968, on which date it served interrogatories on Philippine. It did not respond to Qantas' interrogatories until May 27th, over thirteen months after they had been served. The following day, appellant, in attempted compliance with Rule 11, filed a certificate of counsel. The document outlined a brief history of the litigation, but gave no excuse for the delay other than that pre-trial discovery was still in progress and that counsel were unfamiliar with the degree of activity required of them in the prosecution of the case.

The judge, after a hearing on June 6, 1968, dismissed the action. On June 11th, appellant filed a motion to vacate the order of dismissal. To the motion was attached a certificate of counsel which set forth in full detail the pre-litigation history of appellant's claim against appellees. The certificate acknowledged the lack of activity as reflected by the record and then set forth discovery proceedings which were planned for the future. On June 25th, the judge considered the facts disclosed by the motion and certificate and denied the motion to vacate. Later, on July 2nd, appellant filed its second motion to vacate and attached to the motion another certificate of counsel. Again, the judge considered the material set forth in the motion and certificate and on July 19, 1968, again denied the motion to vacate. This appeal is prosecuted from the order of dismissal. We affirm.

That a court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41 (b), F.R.Civ.P., or under its local rule, or even in the absence of such rules, is settled in this circuit. Pearson v. Dennison, 353 F.2d 24, 28 (9th Cir. 1965); Hicks v. Bekins Moving & Storage Co., 115 F.2d 406, 408–409 (9th Cir. 1940). Also in point is Link v. Wabash Ry. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The exercise of the power to dismiss is discretionary and will be reversed only for an abuse. Fitzsimmons v. Gilpin, 368 F.2d 561 (9th Cir. 1966). To justify the dismissal, it was not necessary for the court to find that there was a specific impairment of appellees' defenses, because the law presumes injury from unreasonable delay. Pearson v. Dennison, *supra*, 353 F.2d p. 28.

Whether the judge misused or abused his discretion, of necessity, depends upon the facts of each case. This court has never attempted to fix guidelines, although a good rule of thumb might be to follow Judge Magruder's oft-quoted phrase in In Re Josephson, 218 F.2d 174, 182 (1st Cir. 1954), that the exercise of discretion of the trial judge should not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Here, the record discloses that the judge below carefully considered the appellant's contentions on three separate and distinct occasions. No doubt, in ar-

---

1. Rule 11 provides:

Quarterly, the Calendar Judge shall call a convenient number of cases from the General Civil File wherein no Memorandum to Set has been filed, being the oldest cases in chronological order according to the filing date thereof, upon an order to show cause, by affidavit or certificate of counsel filed with the Calendar Judge, why such cases should not be dismissed for lack of prosecution.

The Calendar Judge may (1) dismiss such cases for lack of prosecution;

(2) remand them to their chronological place on the General Civil File (subject to further call on the next quarterly calling of that File); or, (3) if the facts warrant, order a day certain for the filing of a Memorandum to Set under Rule 2, whereupon the case shall be re-calendared automatically before the Calendar Judge for dismissal or transfer to the Civil Active Calendar. Rules of Practice, United States District Court, Northern District of California, effective July 16, 1962.

riving at his decision, he weighed all of the relevant factors, including: (1) the appellant's right to a hearing on its claim, (2) the impairment of appellees' defenses presumed from the unreasonable delay, (3) the wholesome policy of the law in favor of the prompt disposition of law suits, and (4) the duty of the appellant to proceed with due diligence.

■ Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968), cert. denied 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387, on which appellant relies, is readily distinguishable. There, the complaint was less than a year old when it was dismissed. Other cases cited by appellant have received our attention. It is sufficient to say that they are based on records bearing little resemblance to the one before us. On the record before us, we cannot say that the judge below abused his discretion.

Affirmed.