**S & K AIRPORT DRIVE–IN, INC.**

**v.**

**PARAMOUNT FILM DISTRIBUTING CORPORATION et al.**

**Civ. A. No. 29529.**

United States District Court,
E. D. Pennsylvania.

Feb. 7, 1973.

Harry Norman Ball, H. Donald Busch, Philadelphia, Pa., for plaintiff.

Richard G. Schneider, Philadelphia, Pa., for defendant Stanley.

A. Vernon Carnahan, New York City, for defendant Buena Vista.

## OPINION

LUONGO, District Judge.

On April 24, *1961*, plaintiff, S&K Airport Drive-In, Inc., instituted this suit for alleged violations of the antitrust laws against Paramount Film Distributing Corporation, United Artists Corporation, Warner Bros. Pictures Distributing Corporation, Metro-Goldwyn-Mayer, Inc., Buena Vista Film Distributing Co., Stanley Warner Management Corp., and Stanley Company of America. Now before the Court are the motions of the only remaining defendants, Stanley Warner Management Corp. and Stanley Company of America, to dismiss the action for lack of prosecution [1] pursuant to Rule 41(b),[2] F.R.Civ.P., and Local Rule 23(a)[3] of this district. After consider-

---

1. Buena Vista also moved to dismiss for lack of prosecution, but its motion need not be acted upon since, at oral argument, plaintiff's counsel agreed to dismiss on the merits as to Buena Vista. (Transcript of Argument N.T. 51, January 12, 1973)

2. "Rule 41. Dismissal of Actions

    .    .    .    .    .

    (b) Involuntary Dismissal: Effect Thereof.
    For failure of the plaintiff to prosecute or to comply with these rules or any or-

der of court, a defendant may move for dismissal of an action or of any claim against him  .  .  .  . "

3. "Rule 23. Dismissal and Abandonment of Actions
    (a) Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than two successive years immediately preceding such ascertainment, the Clerk shall send notice to counsel of record or, if none, to the parties, that un-

ation of the affidavits and briefs submitted and oral argument, I have concluded that the motions of Stanley Warner Management Corp. and Stanley Company of America (hereafter sometimes referred to collectively as Stanley) must be granted.

## BACKGROUND

As noted at the outset, this suit was instituted in April 1961. For about two years thereafter, there was a substantial amount of activity. A number of depositions were taken, interrogatories were propounded by both sides, and a motion for the production of documents was filed by all of the defendants. A pretrial conference was conducted by then Chief Judge (now Senior Judge) Thomas J. Clary on April 3, 1963. A pretrial order was filed limiting plaintiff's claim for damages to the four year period preceding the institution of the suit.

For a period of three years, from July 1963 to June 1966, the docket reflects no activity whatsoever in the case. During that time, according to counsel for plaintiff and for defendant Stanley, there were numerous attempts to set up a meeting to exchange answers to interrogatories and for plaintiff to produce documents. After twenty or more such meetings were cancelled, Stanley's counsel concluded that plaintiff did not intend to answer the interrogatories or produce the requested documents but intended instead to permit the case to remain dormant. Thereafter counsel for Stanley stopped trying to schedule meetings. In December 1964, plaintiff's counsel made an attempt, by correspondence, to depose other defense witnesses, but when Stanley's counsel renewed the request for a meeting to exchange answers to the outstanding interrogatories and to examine documents, the matter was dropped.

For the next 3½ years, from June 1966 to October 1969, no action was taken by plaintiff or by Stanley against each other. During that time plaintiff apparently carried on settlement discussions with other named defendants and, as a result, voluntary dismissals were entered as to Paramount Film Distributing Corporation on June 15, 1966, as to United Artists Corporation on July 12, 1967, as to Metro-Goldwyn-Mayer, Inc. on January 3, 1968, and as to Warner Bros. Pictures Distributing Corporation on October 9, 1969.

Aside from these settlements with other distributor defendants, plaintiff generated no activity whatsoever in this case from the time of the correspondence of December 1964 until September 1971. At that time, Judge Charles R. Weiner undertook, on his own motion and initiative, to root out all of the old movie antitrust cases pending in this district. Through his efforts, this case was uncovered. In due course, it was assigned to my individual calendar. A pretrial conference was held in March 1972, at which conference counsel for the remaining defendants advised of their intention to move to dismiss for lack of prosecution. In July 1972, such motions were filed.

## DISCUSSION

I do not regard this district's Local Rule 23(a) as an adequate basis for dismissal. In my view, Local Rule 23(a) does nothing more than give to the Clerk of the Court the power to deal in a ministerial fashion with cases in which no activity has taken place for two years. Since the Clerk of the Court did not apply the procedures called for in the Local Rule, I put Local Rule 23(a) aside and deal with the motion solely on the basis of Rule 41(b), F.R. C.P., and this court's inherent power to dismiss for lack of prosecution.

less the Court, upon written application filed within thirty (30) days from the receipt of such notice and upon good cause

shown shall otherwise order, the action shall be dismissed . . . . ."

Considered under Rule 41(b), the facts presented by moving defendants make out a strong case for dismissal because of plaintiff's failure to diligently prosecute this matter for almost nine years. See Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1962).

Plaintiff's counsel has offered no real justification for the delay in this case. He has pointed to the volumes of depositions, some 2200 pages taken in 32 deposition sessions, (N.T. 31), as an indication that he has diligently prosecuted the matter, but all of that work had been substantially completed by July 1963. As plaintiff's counsel has himself acknowledged, he needs no more discovery now even though nine years have elapsed. In light of this plaintiff's counsel's failure to move for trial within a reasonable time after July 1963 is simply incomprehensible.

■ Plaintiff argues that the delay in this case is partly attributable to defendant's inaction. I cannot agree that it is the defendant's duty to urge plaintiff and his counsel to move quickly to trial. "The responsibility is squarely up to the plaintiff and his attorney." Bendix Aviation Corp. v. Glass, 32 F.R.D. 375 (E.D.Pa.1962), aff'd per curiam, 314 F.2d 944 (3d Cir. 1963). As the late Judge Kirkpatrick stated in Tinerman Products, Inc. v. George K. Garrett Co., Inc., 22 F.R.D. 56, 57 (E.D.Pa. 1958):

"I see no reason why the party who was sued . . . should take any steps to subject himself to the expense and inconvenience of a trial if the plaintiff's neglect is such as to give the defendant the hope or expectation that the case will never be tried."

See also Ordnance Gauge Co. v. Jacquard Knitting Machine Co., 265 F.2d 189 (3d Cir. 1958); Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323 (5th Cir. 1968).

■ Plaintiff has also pointed an accusing finger at the court suggesting that "the fact that this case was never previously listed for trial must be considered by the Court as grounds for not dismissing." [Plaintiff's Brief, p. 7] I reject the notion that the court's failure to list a case for trial constitutes an excuse for plaintiff's failure to prosecute. Bendix Aviation Corp. v. Glass, *supra,* 32 F.R.D. at 377. Courts have taken a more active role recently to control their calendars and to avoid unnecessary delay, but this increasing activist role on the part of the courts is neither reason nor excuse for an abdication of counsel's obligation to move his client's cause along.

Counsel for plaintiff has advanced, as an additional reason for delay, that he was engaged in several other movie antitrust suits in this district and he simply could not move all of them at once. If that was the case, it was counsel's responsibility to obtain additional help, or at the very least to obtain the court's approval, by a stay of proceedings, if necessary, for the extended delay in the prosecution of this matter.

Insofar as case law is concerned, plaintiff argues that the decision in Glo Co. v. Murchison and Company, 397 F.2d 928 (3d Cir.), cert. denied, 393 U.S. 939, 89 S.Ct. 290, 21 L.Ed.2d 276 (1968), is controlling here. In that case, the trial court granted defendants' motion for dismissal for lack of prosecution even though the defendants had admitted that a certain sum was due to plaintiff. In reversing the district court's grant of the motion to dismiss, the Court of Appeals stated [397 F.2d at 929]:

"[A]fter consideration of the complex factual circumstances of the case, we conclude with the greatest reluctance that in view of the unusual nature of the circumstances of this case the interest of justice will best be served by affording plaintiff an opportunity to prove its case at trial."

The Court did not elaborate as to the "unusual nature of the circumstances" of the case and all that appears from the opinion is that an admitted obligation was being wiped out. That fact alone may have been the reason for the Court's setting aside the dismissal. Attesting the unusual nature of that ruling, the Court of Appeals for the Third Circuit has regarded its own ruling in *Glo Co.* as non-precedential. See Spering v. Texas Butadiene & Chemical Corp., 434 F.2d 677, 681 (3d Cir. 1970). The fact that there is no admitted obligation in the instant case is, in my view, reason enough to regard *Glo Co.* as inapposite.

Plaintiff has also cited Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146 (3d Cir. 1968), as authority for its contention that this action should not be dismissed for lack of prosecution. In *Dyotherm,* plaintiff was unable to proceed when the case was called for trial and the trial judge dismissed the action. In reversing, the Court of Appeals pointed out that defendant had filed a counterclaim, very late in the case, raising patent law issues which had not previously been in the case. It was held to be an abuse of discretion not to afford plaintiff time to hire patent counsel to assist in prosecuting the suit and defending the counterclaim.

█ The law presumes injury from unreasonable delay, States Steamship Co. v. Phillipine, 426 F.2d 803 (9th Cir. 1970); Glo Co. v. Murchison and Company, *supra.* (VanDusen, J., dissenting), but if a showing of actual prejudice is required, Stanley has made an adequate showing of actual prejudice here. In the passage of time involved in this case, many of the witnesses whose testimony would appear to be important are no longer available. Of thirty-five such witnesses, fourteen are now deceased, ten have retired, and eleven, who have not died or retired, have since gone on to other employment (one has now gone from employment by Stanley to employment by plaintiff).

The unavailability of witnesses, and the dimming of the memories of those who are still alive, has undoubtedly substantially impaired Stanley's ability to present a defense. Plaintiff argues that had defendant's counsel vigorously pursued discovery, the testimony of all of these witnesses would have been preserved for trial. True enough, but plaintiff's inaction reasonably misled Stanley's counsel to conclude that plaintiff did not really intend to pursue this action against Stanley, consequently Stanley's counsel was justified in not incurring the very considerable expense (estimated at from $50,000 to $100,000) involved in completing discovery. (N.T. 14)

As the Court of Appeals for the Ninth Circuit observed in Von Poppenheim v. Portland Boxing and Wrestling Comm., 442 F.2d 1047, 1054 (9th Cir. 1971):

"Somewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered. So too must the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved. The exact point on that line is incapable of exact definition, but we are satisfied that the present case went beyond it."

█ I firmly believe that this case went beyond that line. Stanley's motion to dismiss will be granted.