37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raymond C. STOKES, Plaintiff-Appellant,
v.
Brian McGUIRE, Lt., Defendant-Appellee.
 No. 94-35330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 1
 Before: SNEED, WIGGINS, and FERNANDEZ Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Raymond C. Stokes, a Washington state prisoner, appeals pro se the district court's summary judgment for defendant, Correctional Lieutenant Brian McGuire, in Stokes's 42 U.S.C. Sec. 1983 action. Stokes alleged that McGuire violated his civil rights by retaliating against him after he filed grievances with prison officials. Stokes also appeals the district court's (1) dismissal of his medical deliberate indifference claim pursuant to Fed.R.Civ.P. 41(b), and (2) grant of McGuire's protective order and denial of Stokes's request for a non-stenographic deposition. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Retaliation Claims
 
 
 5
 Stokes contends that the district court erred by granting summary judgment for McGuire because there exist genuine issues of material fact as to whether McGuire retaliated against Stokes for filing grievances with prison authorities. This contention lacks merit.
 
 
 6
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). Once the moving party has discharged its burden by demonstrating the absence of a genuine issue of material fact, the nonmoving party must "go beyond the pleadings, and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). Where a party fails to make a showing sufficient to establish the existence of an essential element to that party's action, summary judgment shall be granted. See id. at 322.
 
 
 7
 "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].' " Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978)). In order to prevent summary judgment, the nonmoving party must (1) set forth specific facts as to the defendant's participation in the deprivation of the protected right, and (2) establish the causal connection between the defendant's action and the harm allegedly suffered. Id.
 
 
 8
 Here, Stokes alleged that McGuire (1) transferred Stokes to an upper bunk, (2) reassigned Stokes to a lower bunk, and (3) issued infractions against Stokes, all in retaliation for grievances which Stokes filed.
 
 
 9
 In support of his motion, McGuire submitted affidavits and documentary evidence which established that he (1) was on vacation at the time Stokes was transferred to the upper bunk and was not otherwise responsible for Stokes's transfer, (2) reassigned Stokes to a lower bunk pursuant to Stokes's own authorized request, and (3) did not issue any infractions against Stokes within the period of time alleged.
 
 
 10
 In his opposition, Stokes offered no evidence to controvert McGuire's assertions. Rather, Stokes asserted that the affidavits submitted by McGuire were "questionable" and constructed on the "eve of trial." While Stokes appears to argue that McGuire's affidavits were submitted in bad faith in violation of Fed.R.Civ.P. 56(g), Stokes offers no evidence to substantiate this allegation. Accordingly, the district court did not err by granting summary judgment for McGuire on Stokes's retaliation claims.[2] See Leer, 844 F.2d at 633.
 
 II
 Eighth Amendment Claim
 
 11
 Stokes contends that the district court erred by dismissing his Eighth Amendment claim pursuant to Fed.R.Civ.P. 41(b). This contention lacks merit.
 
 
 12
 We review for abuse of discretion the district court's dismissal of a claim pursuant to Rule 41(b). See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992), cert. denied, 113 St.Ct. 321 (1992). The district court may dismiss a claim under Rule 41(b) if the plaintiff fails to abide by a court order. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). The dismissal should not be disturbed unless there is a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)).
 
 
 13
 Stokes alleged that McGuire violated the Eighth Amendment by transferring him to the top bunk of his cell. Stokes claimed that he injured his neck and shoulder and that his condition required that he be assigned to a bottom bunk. In its initial order, the district court dismissed Stokes's claim with leave to amend because Stokes did not allege that McGuire acted with deliberate indifference to his serious medical needs. Specifically, the court noted that Stokes had not alleged that he had a prescribed medical need for a bottom bunk, and therefore, McGuire could not interfere with medical treatment already prescribed. The court directed Stokes to amend his complaint and to present "sufficient facts" to invoke federal subject-matter jurisdiction.
 
 
 14
 In its order dismissing Stokes's claim Rule 41(b), the district court carefully examined whether such dismissal was proper under the standards set out in Ferdik. The court concluded that all the factors except one weighed in favor of dismissal. Despite being fully advised as to the deficiencies of his complaint, Stokes failed to file an amended complaint within 60 days. Under these circumstances, we cannot say that the district court abused its discretion by dismissing Stokes's Eighth Amendment claim under Rule 41(b). See Ferdik, 963 F.2d at 1260.
 
 III
 Discovery
 
 15
 Stokes contends that the district court erred by granting McGuire a protective order and denying Stokes the opportunity to conduct non-stenographic depositions. Stokes argues that he was effectively precluded from opposing McGuire's summary judgment motion because he was unable to conduct meaningful discovery. We disagree.
 
 
 16
 We review for abuse of discretion the district court's entry of a protective order. Home Savings Bank, F.S.B. v. Gillam, 952 F.2d 1152, 1157 (9th Cir.1991). The court has broad discretionary powers to control discovery. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). Upon a showing of good cause, the court may deny or limit the manner, method, or means of discovery where justice so requires. See Fed.R.Civ.P. 26(c).
 
 
 17
 Here, Stokes served McGuire with a Notice of Intent to Take Depositions and requested McGuire to submit to a non-stenographic deposition pursuant to Fed.R.Civ.P. 30(b)(4). Stokes also requested that McGuire provide the tapes and recording equipment. McGuire consented to a non-stenographic deposition only if Stokes provided the tapes and recording equipment and if a neutral third party administered the oath and operated the equipment.
 
 
 18
 The district court properly found that Stokes's proposed conditions did not provide sufficient safeguards to assure trustworthiness. Moreover, the district court provided Stokes with suitable alternatives including conducting the deposition by written questions and answers. Although Stokes declined to pursue alternative methods of discovery, we cannot say that he was denied the ability to conduct meaningful discovery. Accordingly, the district court did not abuse its discretion by granting McGuire's protective order and denying Stokes an opportunity to conduct a non-stenographic deposition. See Home Savings Bank, F.S.B., 952 F.2d at 1157.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This dispsition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to proceed before a Magistrate Judge
 
 
 [2]
 To the extent that Stokes challenges the district court's dismissal of his claims against McGuire in his official capacity, the Eleventh Amendment bars such claims. See Hans v. Louisiana, 134 U.S. 1 (1890); Quern v. Jordan, 440 U.S. 332 (1979); Kentucky v. Graham, 473 U.S. 159 (1985)