**Patricia Scott ANDERSON,**
**Plaintiff-Appellant,**

v.

**AIR WEST, INCORPORATED, et al.,**
**Defendants-Appellees.**

**Nos. 75–1645 to 75–1647 and 75–2158.**

United States Court of Appeals,
Ninth Circuit.

Sept. 22, 1976.

Jerome I. Braun (argued), of Farella, Braun, & Martel, San Francisco, Cal., for plaintiff-appellant.

C. Michael McClure (argued), Monterey, Cal., for Henry.

John C. Renshaw (argued), of Vargas, Bartlett, & Dixon, Reno, Nev., for Converse, and others.

John V. Tilly (argued), of Jennings, Gartland, & Tilly, San Francisco, Cal., for Altman.

Melvin R. Goldman (argued), of Morrison & Foerster, San Francisco, Cal., for Odom, and others.

Before WRIGHT and SNEED, Circuit Judges, and LUCAS,* District Judge.

SNEED, Circuit Judge:

This case presents an appeal from an order of the district court dismissing with

* Honorable Malcolm M. Lucas, United States District Judge, for the Central District of California, sitting by designation.

prejudice the plaintiff's complaint against twenty individual directors of Air West, Incorporated because of her failure to prosecute the action with reasonable diligence. The dismissals were granted under four separate motions, but all involve the same issues and so were consolidated for appeal. We hold that the district judge did not abuse the discretion granted to him under Federal Rule of Civil Procedure 41(b) and thus we affirm the order of dismissal.

## I.

### The Facts.

The plaintiff, a shareholder of Air West, filed the original complaint in this action on March 30, 1973. The complaint arose out of alleged fraud and other irregularities in the sale of Air West to Hughes Air Corp. The sale was closed on March 31, 1970, and so the timing of filing was clearly influenced by the three-year statute of limitations applicable to such actions. Plaintiff did serve a summons and complaint on some of the named corporate defendants, but nothing was served on any of the individual directors of Air West. On June 25, 1973, an ex parte order extending the time for serving the individual defendants to such time as the plaintiff was able to determine their addresses by use of discovery proceedings was entered. A one-page interrogatory was finally sent to Air West on December 18 seeking the addresses of the individual directors. The answer was received on January 14, 1974, and still the individual directors were not served until March and April 1974.

In October 1974 a group of ten individual defendants filed a motion pursuant to Rule 41(b) for an order dismissing the plaintiff's complaint with prejudice. The district judge, finding that substantial prejudice had resulted to the defendants from the delay in service, granted the motion to dismiss on November 21, 1974. On December 30 two more motions to dismiss were granted and on March 8, 1975, the motion of another eight directors to dismiss was granted. Plaintiff's motion pursuant to

Rule 60(b)(6) for relief from the order of dismissal was denied. This appeal followed.

## II.

### The Applicable Law.

A district court's dismissal pursuant to Rule 41(b) will not be overturned unless the district judge clearly abused his discretion. E. g., *Fendler v. Westgate-California Corp.*, 527 F.2d 1168 (9th Cir. 1975); *California Molasses Co. v. C. Brewer & Co.*, 479 F.2d 60 (9th Cir. 1973); *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970). A rule of thumb as to the meaning of the abuse of discretion standard provides that the trial court's exercise of discretion should not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *In re Josephson*, 218 F.2d 174 (1st Cir. 1954), quoted in *States Steamship Company v. Philippine Air Lines*, 426 F.2d 803 (9th Cir. 1970).

Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with "reasonable diligence" if a plaintiff is to avoid dismissal. *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970); *States Steamship Co. v. Philippine Air Lines, supra*. This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. *Alexander v. Pacific Maritime Ass'n, supra; Pearson v. Dennison*, 353 F.2d 24 (9th Cir. 1968). The law presumes injury from unreasonable delay. *States Steamship Co. v. Philippine Air Lines, supra* at 804. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion. *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974); *Pearson v. Dennison, supra*.

## III.

*Evaluation of District Court's Findings.*

In this case there is a clear showing of willful delay in the service of process on these defendants. The plaintiff was not diligently proceeding with her action. She offered no reasonable explanation for the one-year delay in service of process. The excuse that "no one was intensely gearing up for this litigation prior to appellees' service" is insufficient to remove from the plaintiff the burden of proceeding with the action. The record below shows that plaintiff's counsel deliberately delayed, trying to decide whether he really wanted to serve these individuals. The district judge found, and we agree, that it is improper for an attorney to wait until after a complaint has been filed to determine whether he really has a valid claim against some of the named defendants.

■ The plaintiff has also failed to rebut the presumption of prejudice resulting from the failure to prosecute. In fact the findings of the district judge support the conclusion that the defendants have suffered actual prejudice from the delay in service. His findings are entitled to considerable weight. *Cf. Von Poppenheim v. Portland Boxing and Wrestling Comm'n,* 442 F.2d 1047 (9th Cir. 1971). We accept them.

The district court found that the death of two of the defendant directors prevented them from contributing to the preparation of the defense and so prejudiced the remaining defendants. Even though the district judge was under the mistaken impression that they had died before process could be served on them, their actual deaths within six months after service still prevented them from contributing significantly to the defense. Prejudice is clear because if service had been made promptly they would have been able to participate in the first 18 months of defense planning. The defendants were also found to be prejudiced because they did not participate in early discovery proceedings and they were a year behind the other parties in both their knowledge of and preparation for the case.

■ Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations. *Pearson v. Dennison, supra,* at 28; *Howmet Corp. v. Tokyo Shipping Co.,* 318 F.Supp. 658 (D.C.Del.1970). The importance of personal service in triggering defense preparations is demonstrated by this case, where the defendants did not get together to plan their defense until after they had all been served. Plaintiff's assertion that they could, and should, have been planning earlier is an attempt to switch the burden of going forward with the action to the defendants. The plaintiff cannot in this manner escape her responsibility to diligently prosecute the action.

■ To permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims. *Dewey v. Farchone,* 460 F.2d 1338 (7th Cir. 1972).

The fact that this is an involved, complex case increases the prejudice from the delay. Early preparation and participation are essential under such circumstances. *Cf. Howmet Corp. v. Tokyo Shipping Co., supra.* Delayed service will cause defense counsel to rush their preparation. Prejudice to the defendant is a not unlikely result.

■■ The district court considered alternative remedies, but concluded that "no lesser measure would repair the damage plaintiff has done [to the defendants]." There is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required. *Von Poppenheim v. Portland*

*Boxing and Wrestling Comm'n, supra.* In this case, neither the payment of extra defense costs nor a change in counsel could remedy all the prejudice suffered by the defendants. Even though dismissal is a harsh remedy, it is clearly appropriate in the circumstances of this case. *Cf. Industrial Building Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336 (9th Cir. 1970).

## IV.

### Plaintiff's Responsibility For Errors of Attorney.

The plaintiff cannot avoid this dismissal by arguing that she is an innocent party who will be made to suffer for the errors of her attorney. It is true, as plaintiff asserts, that courts have occasionally refused to assign responsibility for an attorney's negligence to the client. *Flaska v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972). However, two factors in the instant case preclude such leniency.

First, the plaintiff, even if not at fault, should not be permitted to benefit from the wrong of her attorney. Leniency in the face of actual prejudice permits the plaintiff to so benefit. The second factor is that the plaintiff in this case cannot avoid some responsibility for the delay. She engaged the attorney and by hiring additional counsel has indicated that she understands how to obtain competent and aggressive counsel. While plaintiff herself may not have known about the procedural rules her attorney should have followed, she has demonstrated a degree of sophistication which makes it improper to absolve her of all responsibility for the actions of her attorney. *Cf. Link v. Wabash Railroad*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

## V.

### The Claim of Harshness.

Plaintiff makes a final argument that since the momentum of the case has now swung dramatically in her favor, dismissal would be an unduly harsh sanction. While the strength or weakness of the plaintiff's case may be a factor in determining the harshness of dismissal in a particular case, *Von Poppenheim v. Portland Boxing and Wrestling Comm'n, supra,* the court should not closely scrutinize the merits of an action when reviewing an order of dismissal. *Alexander v. Pacific Maritime Ass'n, supra.* Even if the plaintiff has an obviously strong case, dismissal would be appropriate if the plaintiff has clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof. However, in this case, plaintiff has not even adequately demonstrated that she has such a strong case. In a case as complex as this one, with not a single fact yet judicially determined, it is impossible correctly to assess the merits of the case at this stage.

Nor are we prepared to conjecture about the consequences of this dismissal to other shareholders who are potential, or already have become, members of a class with respect to whom the plaintiff may qualify as a representative plaintiff. Such matters are not properly before us. Therefore, we do not consider them in determining that dismissal in this case is not an unduly harsh sanction.

## VI.

### Holding.

These views lead us to hold that the district court did not abuse its discretion in dismissing with prejudice the plaintiff's complaint against twenty individual directors of Air West, Incorporated.[1] Our conclusion makes it unnecessary for us to consider whether plaintiff failed to comply with the ex parte order of June 25, 1973

---

1. We do not regard *Boazman v. Economics Laboratories, Inc.*, 537 F.2d 210 (5th Cir. 1976) as contrary to our holding. In this case we have a "clear record of delay" and the sanction imposed is "commensurate with the dereliction." *Id.* at 212. Moreover, we are not prepared to say that in this case lesser sanctions will suffice. *Id.*

and we express no opinion with respect to whether any such failure would warrant dismissal.

We also express no opinion regarding the effect, if any, of this dismissal on any certifications of classes pursuant to rule 23, Fed. R.Civ.P. by the district court in this or related litigation. This dismissal is applicable only to the plaintiff, Patricia Scott Anderson.