Robert Melvin OLIVER, Plaintiff,

v.

Ludy SHORT et al., Defendants.

No. CIV-4-79-53.

United States District Court,
E. D. Tennessee,
Winchester Division.

June 27, 1980.

On Dismissal of Claim Aug. 7, 1980.

Robert S. Peters, Winchester, Tenn., for plaintiff.

J. Harvey Cameron, Jasper, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

■ In its present posture this action cannot be pretried or tried since one of the three defendants, Mr. Ludy Short, has not been served with a copy of the summons and complaint. The burden is on the plaintiff to have exercised due diligence to perfect the service of process on the persons he chooses to name as party defendants, *Elizabethtown Trust Company v. Konschak*, D.C.Pa. (1967), 267 F.Supp. 46, 48[3]; and, if the plaintiff fails to exercise such diligence, his action is subject to dismissal for his failure to prosecute it, *Anderson v. Air West, Inc.*, C.A. 9th (1976), 542 F.2d 522, 525[5]. While it appears that the plaintiff herein has made some effort to secure service of process on the defendant Mr. Short, he has been unsuccessful.

The lack of service of process on any one or more defendants in an action is a serious matter " * * * because it affects all defendant's preparations. * * * " *Idem.* This Court is vested with the inherent power to take the steps necessary " * * * to achieve the orderly and expeditious disposition of cases * * * " pending before it. *Link v. Wabash R. Co.* (1962), 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734, 738, rehearing denied (1962), 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112.

The plaintiff hereby is ALLOWED 30 days herefrom within which to attempt to perfect service of process on the aforenamed defendant. If such service is not made within that period, the Court will consider whether to sever the claim of the plaintiff against that defendant and proceed separately herein with his claims against the other defendants. *See* Rule 42(b), Federal Rules of Civil Procedure.

## ON DISMISSAL OF CLAIM

■ It is apparent to the Court that there is very little likelihood that the defendant Mr. Ludy Short will ever be served with a copy of the summons and complaint herein. The Court is not convinced that the plaintiff has exercised reasonable diligence to secure service of process on such defendant. If the plaintiff does not know where such defendant might be located, he should not have continued to have pursued his claim against Mr. Short. The Court cannot allow this action to clog its docket merely because one of the three defendants cannot be found.

Accordingly, as to the defendant Mr. Ludy Short, this action hereby is DISMISSED involuntarily but without prejudice, for the failure of the plaintiff to prosecute that claim by exercising reasonable diligence to cause service of process to be made on such defendant. Rule 41(b), Federal Rules of Civil Procedure; *Anderson v. Air West, Inc.*, C.A. 9th (1976), 542 F.2d 522, 525[5].