845 F.2d 1029
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Joyce R. LITTLE, Plaintiff-Appellant,
v.
UNIVERSITY OF CALIFORNIA MEDICAL CENTER, Defendant-Appellee.
 No. 84-6081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 23, 1988.*
Decided April 22, 1988.
 Before SKOPIL, SCHROEDER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joyce Little appeals pro se the district court's dismissal with prejudice of her Title VII complaint for failure to prosecute and the court's earlier dismissal without prejudice of four pendent state law claims. We affirm.
 
 DISCUSSION
 
 3
 1. Dismissal for lack of prosecution.
 
 
 4
 Little argues that the district court should have held a hearing and given her an opportunity to complete the pretrial order before dismissing her complaint for lack of prosecution. The district court may dismiss a case sua sponte for failure to prosecute in order to manage its affairs and "achieve the orderly and expeditious disposition of cases." See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). The court need not hold an adversary hearing or notify the plaintiff prior to entering the dismissal. Id. at 632.
 
 
 5
 When considering whether to dismiss a case for lack of prosecution, the district court must weigh (1) the court's need to manage its docket, (2) the public interest of resolving cases quickly, (3) the risk of prejudice to the defendant, (4) the policy of deciding cases on their merits, and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). We will not disturb the court's discretionary dismissal unless we are firmly convinced that the trial court clearly erred in weighing the relevant factors. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976). If the court fails to make explicit findings showing that it considered these factors, we may "review the record independently to determine whether the court abused its discretion." Henderson, 779 F.2d at 1424. While the district court here did not explicitly address its weighing of the above factors, the record adequately supports the district court's dismissal.
 
 
 6
 Little's unreasonable delay in prosecuting the case interfered with the court's management of its docket and impeded the expeditious resolution of cases. The court extended deadlines for her to complete discovery, retain counsel, and file a pretrial order. The court postponed the pretrial conference three times and rescheduled the trial once. At the final pretrial conference Little had not completed discovery or prepared a pretrial order.
 
 
 7
 Because Little unreasonably delayed prosecuting her claim, we presume that her conduct prejudiced the defendant. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). Moreover, the Medical Center claims actual prejudice because the delay has caused some witnesses to become unavailable.
 
 
 8
 Finally, the court here tried alternative sanctions but to no avail. The court first warned Little that noncompliance with local rules and failure to prepare status reports could result in dismissal. When she did not appear for the pretrial conference, the court warned her again that her case would be dismissed if she did not prepare a timely pretrial order. When she failed to comply, the court did not dismiss her complaint but instead permitted her to go home and retrieve documents she needed to complete the order. Only when she failed to return did the court dismiss her action. The court's exhaustive efforts here to agree to a pretrial order demonstrate that the court adequately explored other alternatives before dismissing Little's action. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981); see also Henderson, 779 F.2d at 1424 (court need not exhaust every alternative before dismissing a case). Accordingly, our review of the record indicates that the district court properly dismissed Little's Title VII claim.
 
 
 9
 2. Dismissal of Pendent State Claims.
 
 
 10
 Little contends that the district court abused its discretion in dismissing her pendent state law claims without prejudice. The district court has broad discretion to exercise its pendent jurisdiction over state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The district court may dismiss the state claims without prejudice if the state issues substantially predominate in terms of proof, the complexity of the issues, or the nature of the remedy sought. See id. at 727-28. Little's four state claims involve a variety of complex issues. Moreover, Little sought punitive and emotional distress damages under her state law claims, which are not available under Title VII. Her demand for a jury trial on her state claims also would have complicated a trial. While convenience to the parties may have favored retaining pendent jurisdiction, the dominance of the state claims did not justify the court's "investment of judicial energy." See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir.1986). We conclude that the district court did not abuse its discretion in dismissing the pendent state claims without prejudice.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3