972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re James Burnette WOOD and Shannon Maureen Wood, aka
Shannon Patten, Debtors.
BANK OF HAWAII and Robert K. Matsumoto, Trustee, Plaintiffs-Appellees,
v.
Shannon Maureen WOOD, Defendants-Appellants.
 No. 91-15478.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided July 30, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shannon Wood appeals the district court's judgment affirming the bankruptcy court's denial of her bankruptcy discharge. We affirm.
 
 
 3
 Wood failed to attend a continued meeting of creditors that she was required to attend pursuant to 11 U.S.C. § 343. The bankruptcy court denied Wood a discharge pursuant to 11 U.S.C. § 727(a)(6)(C), which provides that a discharge may be denied to a debtor who refuses to testify.
 
 
 4
 We review a bankruptcy court's denial of discharge for a "gross abuse of discretion." See Cox v. Lansdowne (In re Cox), 904 F.2d 1399, 1401 (9th Cir.1990). We find no abuse of discretion in the bankruptcy court's conclusion that denial of discharge was appropriate. Wood blatantly refused to attend the meeting of creditors. The law allows the sanction of denial of discharge for such conduct.
 
 
 5
 As did the courts below, we reject Wood's argument that her conduct should be excused because she relied on the advice of her attorney. We would not be inclined to accept such an excuse even if Wood's attorney had directly advised her not to attend the meeting. See Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir.1976). It would be especially inappropriate to grant Wood relief in this case where she is not even alleging that her attorney directly instructed her not to attend the meeting. Rather, Wood apparently came to that conclusion herself based on purported discussions about related matters with her attorney.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3