5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles Lee TERRY, Plaintiff-Appellant,
v.
SOLEDAD TRAINING MAILROOM, Defendant-Appellee.
 No. 93-15750.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Lee Terry, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On May 24, 1991, Terry filed his section 1983 complaint raising two claims: (1) prison officials at Soledad correctional facility had violated his civil rights by opening his legal mail outside his presence, and (2) a Ms. Garibay, who apparently interviewed Terry as part of an internal review of his legal mail complaint, had somehow violated his civil rights by not properly identifying herself. On April 20, 1992, the district court found that Terry's legal mail claim was duplicative of another action filed earlier by Terry and still pending. The court also found that his second claim was "unintelligible." Accordingly, the district court dismissed Terry's legal mail claim as duplicative, but gave him an opportunity to amend his complaint as to Ms. Garibay, instructing Terry that he need to allege a constitutional violation in order to state a section 1983 claim. The order gave Terry until June 20, 1992 to amend his complaint.
 
 
 5
 The order, however, never reached Terry and was returned to the court. On September 1, 1992, the court issued a new order granting Terry until October 2, 1992, to amend his complaint and again sent Terry a copy of the original order. These material also were returned undelivered.
 
 
 6
 From the district court record, it appears that at some point Terry was transferred from Soledad to Folsom correctional facility, although no change of address appears in the record. On January 21, 1993, the district court issued a third order granting Terry until February 19, 1993 to file his amended complaint and enclosing a copy of the original order. This order was sent to Terry at Folsom and was not returned. On appeal, Terry claims he did not receive this order until sometime after the district court dismissed the action on March 19, 1993. He also claims, somewhat contradictorily, that he filed a timely motion for an enlargement of time in which to file his amended complaint. No such motion, however, is contained in the record and although Terry states that a copy of it is attached to his brief as "exhibit A," no such motion is attached.
 
 II
 Standard of Review
 
 7
 We review the district court's dismissal for failure to prosecute for an abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). The district court's dismissal should not be disturbed unless there is a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)).
 
 III
 Analysis
 
 8
 "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case.' " Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). However, dismissal is a harsh penalty and should only be imposed in extreme circumstances. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990).
 
 
 9
 In determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831. The district court need not make explicit findings in order to show that it has considered these factors, and this court may review the record independently to determine if the district court abused its discretion. Ferdik, 963 F.2d at 1261; Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 10
 Here, the record indicates that the court sent Terry a copy of its original order on January 21, 1993 which gave him until February 19, 1993 to amend his complaint. By March 19, 1993, he had still not done so. Terry's offered justifications for failing to timely amend his complaint are contradictory and unsubstantiated. Given these circumstances, we cannot say that the district court abused its discretion. See Ferdik, 963 F.2d at 1261.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3