51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean M. RIECK, Plaintiff-Appellant,
v.
Robert BORG, Warden at Folsom State Prison, Defendant-Appellee.
 No. 94-15645.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Dean M. Rieck appeals pro se the district court's dismissal of his action for failure to comply with a court order to participate in his deposition. We construe the district court's dismissal as one under Federal Rules Civil Procedure 41(b) and review for abuse of discretion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 A district court may, pursuant to Fed.R.Civ.P. 41(b) dismiss an action for failure to comply with a court order. Id. Ordinarily, the district court must weigh five factors before dismissing a case under Rule 41(b): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). In the context of Rule 41(b) dismissals, "the trial court's exercise of discretion should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976).
 
 
 4
 Rieck contends that the district court abused its discretion by dismissing his action for failure to participate in a November 19, 1993 deposition. Rieck argues that the district court should not have dismissed his action because the defendant's counsel did not provide him with sufficient notice as required by court order. We agree.
 
 
 5
 The magistrate judge entered a discovery order on June 14, 1993, which stated: "Pursuant to Federal Rule of Civil Procedure 60(a), defendants may depose plaintiff and any other witness confined in a prison upon the condition that, at least fourteen (14) days before such a deposition, defendants serve all parties with the notice required by Fed.R.Civ.P. 30(b)(1)."
 
 
 6
 On July 6, 1993, the defendants counsel noticed Rieck that he would be deposed on July 23, 1993. On July 23, Rieck refused to participate in the deposition because he had not yet retained counsel. On November 9, 1993, the magistrate judge rejected Rieck's argument and granted defendant's motion to compel Rieck's participation in the deposition. In his order, the magistrate judge reminded Rieck that: "The court's discovery order, filed June 14, 1993, allowed the defendants to depose plaintiff as long as notice requirements were met."
 
 
 7
 The defendant's counsel noticed Rieck on November 17, 1993, for a November 19, 1993 deposition. On November 19, Rieck refused to participate in the deposition because the defendant had not given him the required fourteen days notice. On November 29, 1993, the defendant moved to dismiss the action as a sanction for Rieck's refusal to comply with the court's November 9 order. On January 7, 1994, the magistrate judge found that on balance, the five Malone factors weighed in favor of dismissing the action against Rieck for failure to participate in his November 19 deposition in violation of the court's November 9 order.
 
 
 8
 While we do not condone Rieck's refusal to participate in the first deposition, we conclude that his refusal to participate in the November 19 deposition was not in violation of any court order. First, the magistrate judge's June 14 discovery order stated that Rieck was entitled to at least fourteen days notice. Second, the magistrate judge's order granting defendant's motion to compel did not modify the discovery order nor did it set a certain date for the deposition. Finally, we note that the defendant did not move to shorten the time for notice of the deposition or to enlarge time for pretrial discovery. Given these facts, we conclude that district court abused its discretion in dismissing Rieck's action.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3