**TELEVISION SIGNAL CORPORATION,**
Plaintiff,

v.

**CITY AND COUNTY OF SAN FRANCISCO, Defendant.**

**No. C–99–2081–VRW.**

United States District Court,
N.D. California.

June 28, 2000.

Lesla Lehtonen, Oakland, CA, for California Cable Television Association, plaintiff.

Richard R. Patch, Naomi Rustomjee, Virginia A. Crisp, Coblentz, Patch, Duffy & Bass, LLP, San Francisco, CA, Lesla Lehtonen, Oakland, CA, for Television Signal Corp., plaintiff.

Louise H. Renne, City Attorney, San Francisco, CA, Joanne Hoeper, Evan H. Ackiron, Martin L. Greenman, City Attorney's Office, San Francisco, CA, for City and County of San Francisco, defendant.

## ORDER

WALKER, District Judge.

Before the court is defendant's motion to dismiss plaintiff's first amended complaint for failure to prosecute pursuant to FRCP 41(b) and 4(m). The court finds the motion suitable for determination without oral argument. See Civil LR 7–1(b). The hearing scheduled for June 29, 2000, at 2:00 pm, is therefore, VACATED.

Television Signal Corporation filed this action on April 30, 1999, challenging the City and County of San Francisco's adoption of amendments to its excavation code. These amendments impose fees, conditions and costs on entities which open, trench or otherwise excavate city streets. This case is one of several related cases challenging municipal trench cut ordinances currently pending in this court, alleging that the ordinances violate franchise rights. Plaintiff never served its original complaint on defendant, nor did it file a waiver of service or a certification of service of process within 45 days of filing the complaint. On April 25, 2000, plaintiff filed a First Amended Complaint and served defendant that same day.

FRCP 4(m) states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion * * * shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Plaintiff filed its original complaint on April 30, 1999, yet never served the defendants until April 25, 2000, when plaintiff served its First Amended Complaint. Although the 120–day time requirement has been violated, the court will not dismiss where good cause has been shown.

Good cause generally means plaintiff attempted service but did not complete it; plaintiff was confused about the requirements of service; or plaintiff was prevented from serving defendants by factors beyond his control. It is examined by considering: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an enlargement of time to effect service under FRCP 6(b). See *Echevarria v. Department of Correctional Services of N.Y. City*, 48 F.Supp.2d 388, 392 (S.D.N.Y.1999). Plaintiff believes that there is ample good cause to explain why service was so late.

Plaintiff claims that defendant's threats to terminate ongoing contract negotiations, coupled with a refusal to enter into a tolling agreement, precluded plaintiff from serving its action. Plaintiff argues that defendant's conduct is analogous to evading service attempts. Plaintiff also claims that it was prevented from effectuating service by factors beyond its control. See *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985). There is no indication that defendant tried to evade service or that there were any outside factors preventing plaintiff from serving the original complaint. In fact, plaintiff made no attempt whatsoever to serve defendant for

almost an entire year. This is not a reasonable effort to effect service.

Plaintiff claims that defendant is not prejudiced by the delay of service because defendant did receive a courtesy copy of the original complaint at the commencement of the action. This is not enough to overcome the lack of effort in attempting to serve the complaint. FRCP 4(m) is intended to force parties and their attorneys to be diligent in prosecuting their causes of action. See *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y. 1984). Plaintiff claims that the delayed service actually provides for efficient administration and judicial conservation by allowing plaintiff to await this court's ruling on common legal issues litigated in related cases before amending the complaint. This is not good cause. See *Wei,* 763 F.2d at 372 ("desir[ing] to amend complaint before effecting service does not constitute good cause"). Plaintiff could have amended the original complaint after serving defendant. See FRCP 15. The burden for proof of good cause has not been met. Therefore, plaintiff's actions are a violation of FRCP 4(m).

 Defendant moves for involuntary dismissal pursuant to FRCP 41(b) because of the violation of FRCP 4(m). Rule 41(b) requires that federal actions be prosecuted with reasonable diligence. See *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has not prosecuted this action with reasonable diligence. Plaintiff willfully chose not to serve the original complaint on defendant for almost an entire year in order to strengthen its negotiation position with defendant. Willful delay in serving a complaint is a particularly serious failure to prosecute. See *id.* at 525. The court must weigh several factors before imposing the extreme sanction of involuntary dismissal. The court must examine: (1) the public's interest in the expeditious disposition of cases; (2) the court's docket concerns; (3) the rebuttable presumption of prejudice to the defendant; (4) the judicial policy favoring disposition of cases on the merits; and (5) the availability of a less drastic sanction. See *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir.1999). Although the court does have a strong interest in expedi-

tious resolution of cases, the court does not find persuasive defendant's arguments concerning prejudice. The strong sanction of involuntary dismissal is too harsh considering these factors.

Therefore, the court DENIES defendant's motion to dismiss plaintiff's first amended complaint for failure to prosecute under Rule 41(b), but does find a violation of Rule 4(m). Accordingly, the court DISMISSES the case WITHOUT PREJUDICE to plaintiff making effective and timely service.

IT IS SO ORDERED.