**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS MENDOZA, | No.   15-16194 |
| Petitioner-Appellant, | D.C. No. 2:98-cv-02150-MCE-GGH |
| v. | |
| JEFFREY A. BEARD, Secretary of CDCR, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 12, 2016[**]
San Francisco, California

Before:  O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Luis Mendoza appeals the dismissal of his federal habeas petition for failure to prosecute.  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

I

Dismissal for failure to prosecute is a "harsh penalty" that is "appropriate only in extreme circumstances of unreasonable delay." *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) (internal quotation marks omitted). The court must weigh five factors when considering whether such dismissal is warranted: (1) the public's interest in expeditious resolution to litigation; (2) the court's need to manage its docket; (3) the public policy favoring disposition of cases on their merits; (4) the availability of less drastic sanctions; and (5) the risk of prejudice to the defendants. *See id.* at 399. We "may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Id.* (internal quotation marks and citations omitted).

Although the district court consulted the proper factors, it erred in its calculation of the factors for and against dismissal. Based on the district court's own findings, only one of the five factors supports dismissal.

A

First, the district court did not err in concluding that Mendoza unreasonably delayed by failing to take any action in this case—including communicating with his attorney—for more than fourteen years. Despite being abandoned by his attorney, Mendoza has not shown that he pursued his case with reasonable

2

diligence. *Cf. Luna v. Kernan*, 784 F.3d 640, 650 (9th Cir. 2015) (claim of reasonable diligence despite attorney misconduct considers whether petitioner kept in reasonable contact with his attorney); *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) (same). The public's interest in expeditious resolution to litigation favors dismissal.

## B

Second, we defer to the district court's determination that its docket-management needs do not support dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## C

Third, the public policy favoring disposition of cases on their merits weighs against dismissal. *See id.* at 643.

## D

Fourth, the district court determined that there is a less drastic alternative to dismissal available: the court could lift the stay and allow Mendoza to proceed on his pending amended petition, which includes only already-exhausted claims. The availability of this lesser sanction weighs against dismissal.

E

Finally, the district court determined that the State would not suffer actual prejudice if Mendoza were permitted only to proceed with his already-exhausted claims. The State does not challenge that factual determination on appeal, and we see no reason to conclude that it was made in error. This lack of prejudice should have weighed against dismissal. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("[I]f there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion."). The district court erred in counting this factor in favor of dismissal.

II

In sum, four of the five relevant factors weigh against dismissal; it was an abuse of discretion to dismiss Mendoza's petition in these circumstances. *See, e.g.*, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (three or four factors required to support dismissal); *Hernandez*, 138 F.3d at 399 (same). Instead, the district court should have imposed the less drastic sanction it identified. On remand, the court shall impose such sanction, allowing Mendoza to proceed with the amended petition he filed with the court in January 2000.

**REVERSED and REMANDED.**

4