NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PIMA COUNTY OFFICE OF
CHILDREN'S COUNSEL, et al.,

    Plaintiffs-Appellants,

 v.

STATE OF ARIZONA, et al.,

    Defendants-Appellees.

No. 16-17274

D.C. No. 2:15-cv-00272-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted March 16, 2018
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN,** District Judge.

The plaintiffs allege that Arizona's Department of Child Protective Services

wrongfully removed a child, A.E., from his father's home and placed him in foster

care, where he was sexually molested by another foster child and subjected to other

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

harm. During discovery, the plaintiffs stopped participating in the case, mostly because their counsel was experiencing personal problems that led to his neglecting the case. After the plaintiffs had been inactive for three months, the defendants moved to dismiss for lack of prosecution. The plaintiffs opposed the motion and requested that the court stay the case for a limited period while they tried to retain substitute counsel. The district court granted the defendants' motion and dismissed the case with prejudice for lack of prosecution. The plaintiffs appeal, and we review for abuse of discretion. *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

We reverse and remand for further proceedings. Although the district court applied the five *Henderson* factors, it did not fully explore the adequacy of lesser sanctions before imposing the "harsh" sanction of dismissal with prejudice, which should be employed only in "extreme circumstances." *Id.* at 1423; *see also Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1430–31 (9th Cir. 1990); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). In this case, the plaintiffs' delay was primarily caused by plaintiffs' counsel's neglect. At the time of the dismissal, plaintiffs' counsel was trying to withdraw and find substitute counsel who could prosecute the case. The district court could have dismissed the case *without* prejudice to allow the plaintiffs time to find new counsel and refile the case before the statute of limitations ran out. Alternatively,

2

the court could have stayed the case for a reasonable period while the plaintiffs attempted to secure new counsel. The district court did not explain why—and the record does not show that—these options, or some other sanction short of dismissal with prejudice, would have been insufficient to get the case back on track.

Plaintiffs' inattention to the case may have caused some prejudice to the defendants, and to the public's interest in expeditious resolution of the litigation and the court's need to manage its docket. However, the record does not reveal that the prejudice was so great as to make dismissal with prejudice an appropriate sanction. On this record, we do not see how a delay of only a few months could have posed a serious threat to the district court's docket or to the public's interest in expediency. As for prejudice to the defendants, the case had not progressed far beyond written discovery, and any discovery that was taken could have been preserved and reused in the event that the plaintiffs resumed litigating after securing new counsel. Defendant Tungland Corporation had filed a motion for summary judgment, but the district court could have decided the motion before dismissing the claims against the remaining defendants without prejudice. Although A.E. and his father did not appear for their depositions, and A.E. did not appear for his psychological examination, these missteps alone would not warrant a dismissal with prejudice absent a showing that lesser sanctions, such as cost- and fee-shifting, *see* Fed. R. Civ. P. 37(b)(2)(C) & (d)(3), would have been inadequate.

3

The defendants contend they suffered prejudice in the form of witnesses moving out of state and their memories fading. But this form of prejudice is not fairly attributable to undue delay by the plaintiffs, as the statute of limitations on A.E.'s claims will not expire until he turns 20 years old. *See* Ariz. Rev. Stat. §§ 12-502, 12-542. Because A.E. could have waited until he was 20 to bring his claims in the first place, his failure to preserve witness testimony during a suit brought when he was younger does not support dismissal with prejudice rather than lesser sanctions.

For these reasons, we reverse and remand with instructions to impose a sanction other than dismissal with prejudice.

**REVERSED AND REMANDED.**

4

FILED

MAR 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In deciding to dismiss this case with prejudice for failure to prosecute, the district court set forth its reasoning regarding each of the five factors we have held to be relevant under *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986): "the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring the disposition of cases on their merits; and the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1222 (9th Cir. 2006). The district court's conclusions were not illogical or implausible, and were well supported by the record. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009). Accordingly, the district court did not abuse its discretion in dismissing the case under Rule 41(b) of the Federal Rules of Civil Procedure.

In holding otherwise, the majority focuses primarily on a single factor, claiming that the district court failed to consider whether there were less drastic sanctions to dismissal with prejudice. **Maj. at 2–3.** Contrary to this conclusion, the district court adequately addressed the aspects of this issue that we consider important. *See In re PPA*, 460 F.3d at 1228–29. The district court issued its ruling in response to defendants' noticed motion to dismiss, and we have "rejected the

argument that an express warning regarding the possibility of dismissal is a prerequisite to a Rule 41(b) dismissal when dismissal follows a noticed motion under Rule 41(b)." *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1455 (9th Cir. 1994). Although "explicit discussion of alternatives is not necessary for a dismissal order to be upheld," *In re PPA*, 460 F.3d at 1229, the court had before it the alternatives discussed in the parties' briefing on the motion to dismiss, *see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991); and also acknowledged that "dismissal without prejudice is available." But the court found that dismissal without prejudice was not "appropriate under the circumstances" and "undertaking any lesser measure" than dismissal with prejudice "would be unavailing," given plaintiff's continued inaction and failure to appear for depositions and an independent psychological evaluation.

Nor did the district court err in its consideration of the other *Henderson* factors. We are required to defer to the district court's judgment that the need to manage its docket and the public interest in expediency weighed heavily in favor of dismissal, "since it knows when its docket may become unmanageable." *In re PPA*, 460 F.3d at 1227 (quoting *In re Eisen*, 31 F.3d at 1452). The majority characterizes the delay as only a few months, **Maj. at 3,** but the district court found that the case was "indefinitely stalled," noting that plaintiffs had sought yet another

2

stay in response to the motion to dismiss and "continue[d] to demonstrate that they [we]re not prepared to move forward."  The district court further noted that, given plaintiffs' inability "to prosecute this action in any meaningful way," allowing the case to proceed was unlikely to serve the public's interest in disposition on the merits.

Our precedent also dictates that "[t]he district court's finding of prejudice deserves substantial deference because the district court is in the best position to assess prejudice." *Id.* at 1228 (internal quotation marks and citation omitted).  The court noted that the delay caused actual prejudice to the defendants, including loss of evidence and memory, *see In re Eisen*, 31 F.3d at 1453, as witnesses moved out of state and one key witness had cognitive difficulties.  The majority's conclusion that there was no prejudice because written discovery could have been preserved contradicts our observation that "[f]ailing to produce documents as ordered is considered sufficient prejudice" to support dismissal with prejudice and that "[l]ate tender is no excuse." *In re PPA*, 460 F.3d at 1227.  And contrary to the majority, **Maj. at 4,** once an action has commenced, Rule 41(b) requires "prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal," *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citation omitted), regardless whether the statute of limitations has not yet run.  Our cases have not asked whether the

3

limitations period has expired, but rather, have instructed that "[t]he law . . . presumes prejudice from unreasonable delay," *In re PPA*, 460 F.3d at 1227, and if the defendant shows actual prejudice, "the plaintiff must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of [plaintiff's] excuse" for the delay, *id.* at 1228.

We give substantial deference to a district court's conclusions, even if we would have taken a different course under the circumstances. Here the district court directly tracked the framework set forth in our precedent and made the findings necessary to dismiss with prejudice for failing to prosecute. We should uphold its ruling. Accordingly, I dissent.