**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW W. SHALABY, | No. 21-55034 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00068-AJB-DHB |
| v. | |
| BERNZOMATIC, an unincorporated division of Irwin Industrial Tool Company; IRWIN INDUSTRIAL TOOL COMPANY, INC.; NEWELL OPERATING COMPANY, INC., | MEMORANDUM<sup>*</sup> |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted November 19, 2021<sup>**</sup>
Pasadena, California

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  LINN,*** BYBEE, and BENNETT, Circuit Judges.

Andrew Shalaby appeals from an award of $22,732.00 in attorneys' fees and $1,847.91 in costs for violation of a pre-filing order prohibiting him from filing new actions.

"We review for abuse of discretion the district court's civil contempt order, including the decision to impose sanctions." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997)).  "With respect to sanctions, a district court's factual findings are given great deference." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001).  And, we will not find an abuse of discretion unless we are left with "a definite and firm conviction that the [district court] committed a clear error of judgment in the conclusion it reached." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Shalaby argues that the pre-filing order was or should be invalidated as unjust and impossible to follow.  He also contends that the district court erred in

---

***    The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

awarding fees for the work of an attorney allegedly engaged in the unauthorized practice of law. Further, he asserts both that he did not violate the pre-filing order and that, even if he did, the district court should have allowed him Rule 11's 21-day safe harbor period to withdraw his filing and comply. Finally, he argues that the district court lacked jurisdiction to find contempt because he had filed a declaration of disqualification—later withdrawn in part and rejected on the merits—prior to entry of the contempt order. Shalaby's arguments are unavailing. We dismiss in part and affirm in part.

I

As a preliminary matter, we lack jurisdiction over Shalaby's claims insofar as he seeks to appeal the underlying finding of contempt and imposition of sanctions. An order finding a party in contempt of a prior final judgment and imposing sanctions is final and appealable. *See Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983). An appellant has thirty days from the entry of such an order to file a notice of appeal. *See* Fed. R. App. P. 4(a); *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1363–64 (9th Cir. 1987). The district court found contempt and issued an order imposing sanctions no later than February 3, 2020. Thus, Shalaby's thirty-day window to file a notice of appeal expired long before he filed the present appeal in 2021. Accordingly, Shalaby's

3

appeal on the finding of contempt is untimely, and issues related to the award of sanctions, rather than their amount, are improperly before us. Therefore, Shalaby's claims regarding the disclosure of the "Notice of Related Actions" to the JPML, the applicability of Rule 11's safe harbor period in this case, and the disqualification of the district court judge under 28 U.S.C. § 144 are dismissed for lack of jurisdiction. To the extent that we retain jurisdiction over these claims under 28 U.S.C. § 1291, we find them without merit.

II

The rest of the appeal fails on the merits. Shalaby contends that the district court abused its discretion in declining to remove the pre-filing order in light of purportedly new evidence which he has presented. Insomuch as Shalaby articulated a motion for relief under Rule 60(b), the district court correctly concluded that Shalaby failed to demonstrate that this new evidence disturbed its past rulings on the matter.

Likewise, the pre-filing order remains in effect. The district court's May 10, 2019 order, which instructed the Clerk of Court to reject any future filings by Shalaby, did not prevent Shalaby from petitioning the district court for leave to file future papers, and Shalaby failed to meet his burden of production to show otherwise. *See United States v. Rylander*, 460 U.S. 752, 757 (1983).

Shalaby's assertion that the district court erred in awarding attorneys' fees to and for the work of an attorney allegedly engaged in the unauthorized practice of law lacks merit. First, opposing counsel's work in the present case does not constitute the unauthorized practice of law. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822–24 (9th Cir. 2009). Second, Shalaby fails to demonstrate any instance of misconduct, let alone the unauthorized practice of law, by his opposing counsel, nor does he provide legal support for the bearing of any alleged misconduct on the fee award here. Accordingly, the district court did not err in its award of reasonable attorneys' fees and costs.

**DISMISSED IN PART AND AFFIRMED IN PART.**