NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IN RE: LESLIE KLEIN,<br><br>            Debtor.<br><hr><br>LESLIE KLEIN,<br><br>            Appellant,<br><br>  v.<br><br>ROBERT MERMELSTEIN; ESTHER<br>MERMELSTEIN,<br><br>            Defendants - Appellees. | No. 24-6427<br><br>D.C. No.<br>2:24-cv-04607-JGB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted May 12, 2025[**]
Pasadena, California

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Debtor Leslie Klein appeals the district court's order granting Robert and Esther Mermelstein's motion to dismiss for lack of prosecution under Federal Rule of Civil Procedure 41(b). Klein appeared before the district court to appeal a bankruptcy court order granting default judgment against Klein for the nondischargeability of a $21,737,740.70 debt.

Our jurisdiction arises under 28 U.S.C. § 158(d). We review the district court's dismissal for lack of prosecution for an abuse of discretion. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). We affirm.

Courts weigh five factors to determine whether to grant a Rule 41(b) motion to dismiss for lack of prosecution. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Those factors consist of (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy preference for resolving disputes on the merits, and (5) the availability of less drastic sanctions. *Id.* Courts can look at "the history of counsel's actions" when evaluating the five factors. *Id.* at 1424.

These factors weigh in favor of the district court's decision to dismiss Klein's appeal. First, Klein's repeated non-compliance with court orders and deadlines, before both the district court and the bankruptcy court, suggests the continuation of his appeal would harm the public interest in expeditious litigation. After Klein missed the initial deadline to file his designation of record and

24-6427

statement of issues on appeal, he ignored the district court's order directing him to explain the delay in writing. He also failed to file a timely response to the motion for default judgment at the bankruptcy court. Klein's history of deficiencies suggests the continuation of his appeal would frustrate the public interest in expeditious litigation. *See Eisen*, 31 F.3d at 1451.

Second, we defer to the district court's finding on the second factor that Klein's delays hindered the court's ability to manage its docket. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).

Third, Klein cannot overcome the presumption that his delays in filing prejudiced the Mermelsteins. *See Eisen*, 31 F.3d at 1452–53 ("The law presumes injury from unreasonable delay." (citation omitted)). A plaintiff can overcome this presumption by supplying "an excuse for his delay that is anything but frivolous." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). Klein, however, provided no excuse. Therefore, the third factor also favors dismissal.

Fourth, the preference for adjudication on the merits weighs against dismissal. To evaluate this factor, courts look at the plaintiff's explanation for why the court should prefer a decision on the merits. *Anderson v. Air W., Inc.*, 542 F.2d 522, 526 (9th Cir. 1976). Here, Klein's argument that the large sum of money in dispute favors a merits resolution likely satisfies this requirement. But this factor

alone does not indicate an abuse of discretion.  *Id.*

Fifth, the district court had no reason to find that less drastic sanctions would adequately address Klein's repeated delays and gamesmanship tactics.  If the threat of dismissal at the district court and default judgment at the bankruptcy court did not deter Klein's delays, then we have little reason to find that any sanction could induce Klein's compliance with the court's orders and rules.  This final factor weighs strongly in favor of dismissal.

Because four of the five relevant factors weighed in favor of dismissal under Rule 41(b), the district court did not abuse its discretion in granting the Mermelsteins' motion to dismiss for lack of prosecution.  **AFFIRMED.**