**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAKOTA TRUCKING, LLC,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>HUB INTERNATIONAL MOUNTAIN STATES LIMITED,<br><br>        Defendant - Appellee,<br><br>and<br><br>JOHN DOES 1-10, Whose true identities are unknown, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, A Foreign Corporation,<br><br>        Defendants. | No. 25-2938<br><br>D.C. No.<br>1:22-cv-00041-DCN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted February 10, 2026[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ and BUMATAY, Circuit Judges, and BAGGIO, District Judge.[***]

Nakota Trucking appeals the district court's dismissal with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). We review a Rule 41(b) dismissal for abuse of discretion. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in dismissing Nakota's case. Courts weigh five factors to determine whether to grant a Rule 41(b) motion to dismiss for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d at 1451. "We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

The first and second factors, often reviewed together, generally weigh in favor of dismissal and do so here. *See In re Eisen*, 31 F.3d at 1451–52; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

---

[***] The Honorable Amy M. Baggio, United States District Judge for the District of Oregon, sitting by designation.

The third factor, the risk of prejudice to defendants, supports dismissal because Nakota does not offer a reasonable explanation for its delays. *See In re Eisen*, 31 F.3d at 1452 ("The law presumes injury from unreasonable delay." (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976))).

The fourth factor—the public policy favoring disposition of cases on the merits—"always weighs against dismissal." *Dreith*, 648 F.3d at 788. "[T]his factor[,]" however, "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). We thus find this factor weighs slightly against dismissal.

Fifth, the availability of less drastic sanctions favors dismissal. The district court attempted a less drastic alternative when it ordered a joint status report to resolve the first motion to dismiss for failure to prosecute. Regarding notice, we have "expressly rejected the argument that an express warning regarding the possibility of dismissal is a prerequisite to a Rule 41(b) dismissal when," like here, "dismissal follows a noticed motion under Rule 41(b)." *In re Eisen*, 31 F.3d at 1455. In sum, the district court did not abuse its discretion because four factors support dismissal. *See Dreith*, 648 F.3d at 788.

2. We do not reach Nakota's quasi-estoppel argument raised for the first

time on appeal. *See Helm v. California*, 722 F.2d 507, 510 (9th Cir. 1983) (declining to review equitable estoppel argument raised for the first time on appeal).

**AFFIRMED.**