MEMORANDUM *
Robert A. MacKenzie, trustee for the bankruptcy estate of Wavo Corporation, appeals the district court’s dismissal of his lawsuit against certain former directors and officers of Wavo, their spouses, and a company owned by Wavo’s former chief executive (collectively, “Deeds”). The parties are familiar with the facts; we proceed to the law.
Deeds fails to persuade that the trustee’s appeal is untimely. The trustee’s motion to the district court for reconsideration, whether or not procedurally valid, tolled the time for appeal from the original order of dismissal. See, e.g., Feldman v. Allstate Ins. Co., 322 F.3d 660, 665 (9th Cir .2003).
We review the district court’s order of dismissal, not its denial of the motion to reconsider. See Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir.1992). We review for abuse of discretion. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). We will reverse only if we have “ ‘a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.’ ” Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976) (quoting In re Josephson, 218 F.2d 174 (1st Cir.1954)). When a district court dismisses a case as a sanction without explicitly discussing factors this court has laid out to guide such decisions, see Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986), “ ‘we may review the record independently to determine if the district court has abused its discretion.’ ” In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir.2006) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (as amended)).
After independently reviewing the record, we do not have a definite and firm conviction that the district court committed a clear error of judgment. It was the trustee’s responsibility to move the case toward disposition. He did not do so. The untimely illness and death of the trustee’s lead attorney, Anthony Lucia, does not excuse the trustee’s lack of prosecution and failure to apprise the court of the status of the case. Despite being repre *661 sented by a general counsel and four special counsel for this case, the trustee conducted minimal discovery in the nine months between entry of the scheduling order and the discovery deadline. The trustee did not move for an extension of the discovery deadline, although the deadline passed prior to Lucia’s diagnosis. Following Lucia’s death, the trustee did nothing to apprise the court that he could not meet the various deadlines set in the scheduling order, and did not move to vacate the trial date or to conduct a status conference until the district judge’s judicial assistant had made at least two calls to the trustee’s counsel in the weeks leading up to the trial date. Given these facts, we cannot say that the court abused its discretion in dismissing the case for prosecution.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.